IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIE MELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3506-X-BN |
| | § | |
| UNIVERSITY OF NORTH TEXAS SYSTEM, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**STANDING ORDER ON FILING MATERIALS UNDER SEAL**

This order governs any requests to file materials in this case under seal.

The United States Court of Appeals for the Fifth Circuit recently warned that – where, "increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps" – "the working presumption is that judicial records should not be sealed."[1]

The Fifth Circuit explained that "courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards.... The first standard, requiring only good cause, applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies [o]nce a document is filed on the public record – when a document becomes a judicial record."[2]

---

[1] *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417, 419 (5th Cir. 2021).

[2] *Id.* at 419 (cleaned up); *see also id.* at 420 (noting, "at the adjudicative stage, when materials enter the court record, the standard for shielding records from public

The panel acknowledged that, "even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants."[3]

But the Court of Appeals directed that, to decide whether something should be sealed, "judges … must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" and that "[s]ealings must be explained at a level of detail that will allow for this Court's review."[4]

And the panel expressed concern where "documents marked confidential provided the basis for summary judgment – a dispositive order adjudicating the litigants' substantive rights (essentially a substitute for trial)" – without a "mention of the presumption in favor of the public's access to judicial records," "grappling with public and private interests," "consideration of less drastic alternatives," or "assurance that the extent of sealing was congruent to the need."[5]

According to the Fifth Circuit, "[t]he secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of

---

view is far more arduous," and that "equating the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal [] is a common [error] and one that over-privileges secrecy and devalues transparency" (cleaned up)).

[3] *Id.* at 419.

[4] *Id.* (cleaned up).

[5] *Id.* at 420 (cleaned up); *see also id.* at 420 n.41 ("Whatever its relevance in this case, the good-cause standard would not justify sealing documents filed on the record in support of summary judgment.").

openness that can be rebutted only by compelling countervailing interests favoring nondisclosure. All too often, judicial records are sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated. This mistake harms the public interest, however interested the public is likely to be."[6]

A Fifth Circuit panel more recently again explained that

- the Court of Appeals "heavily disfavor[s] sealing information placed in the judicial record";
- the Fifth Circuit "require[s] information that would normally be private to become public by entering the judicial record";
- "publicly available documents … already belong to the people, and a judge cannot seal public documents merely because a party seeks to add them to the judicial record";
- "[t]hat a document qualifies for a protective order under [Federal Rule of Civil Procedure] 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record";
- "to the extent that any sealing is necessary, it must be congruent to the need"; and
- "[i]t is the solemn duty of the judge to scrupulously examine each document sought to be sealed," which "is not easy, but [] is fundamental."[7]

---

[6] *Id.* at 421.

[7] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022)

As another judge has explained, "[w]hile 'judges, not litigants' are tasked with determining whether to seal a document and that task ultimately requires them to undertake the case-by-case, document-by-document, and line-by-line balancing of the public's right of access against presented interests favoring nondisclosure, it is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review."[8] And "[l]itigants and others seeking secrecy have the burden to overcome the strong presumption favoring public access" and "'must explain in particularity the necessity for sealing.'"[9]

Following this governing law, the Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests.[10]

The parties may agree between themselves – and ask the Court for a protective order under Federal Rule of Civil Procedure 26(c) to allow them – to designate documents as "confidential" during discovery based on a "good cause" standard. The typical standard there involves the parties assessing whether they want that material in the public domain.[11] But filing that material with the Court under seal is

(cleaned up).

[8] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-cv-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (cleaned up; citing *Le*, 990 F.3d at 419).

[9] *Id.* (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019)).

[10] *June Med. Servs.*, 22 F.4th at 519-20.

[11] *See June Med. Servs.*, 22 F.4th at 519-20 ("Protective orders require a finding of 'good cause' by the district court and apply to documents produced in discovery."); *Le*, 990 F.3d at 419-20 ("At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-

a different matter.[12]

To comply with this governing law, the Court ORDERS that:

- a party seeking to file a specific document under seal must move for leave to do so and – after "thinking long and hard about [the Court's] duty to balance the public's common law right of access [to the documents] against the interests favoring nondisclosure"[13] – must, in the motion,
  1. identify precisely what information (pages, lines, etc.) the party wants sealed;
  2. conduct a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right to

---

agreed secrecy has its place – for example, honoring legitimate privacy interests and facilitating the efficient exchange of information." (cleaned up)).

[12] *See, e.g.*, *ReSea Project ApS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-cv-1132-JKP, 2022 WL 18110043, at *2 (W.D. Tex. Sept. 6, 2022) ("[S]ealing requirements are far more arduous than merely obtaining a protective order on good cause shown." (cleaned up)); *Bob Dean Enterprises, Inc. v. Westchester Surplus Lines Ins. Co.*, No. CV 21-28-JWD-RLB, 2022 WL 14151535, at *4 (M.D. La. Oct. 24, 2022) ("The parties are also reminded that regardless of any designation of documents exchanged in discovery as 'confidential' pursuant to a Protective Order, the Court will apply a 'stricter balancing standard' to determine whether any documents may be filed into the record under seal." (citing *Le*, 990 F.3d at 416-21)); *June Med. Servs.*, 22 F.4th at 521 ("Sealing judicial records and blocking public access require a stricter balancing test" (cleaned up)); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (cleaned up)).

[13] *Kozlowksi v. Buck*, No. 3:20-cv-365, 2021 WL 4973710, at *2 (S.D. Tex. Oct. 25, 2021).

know; and

3. explain why no other viable alternative to sealing exists;

- parties must draft any "sealing motions in a way that does not disclose confidential information";[14]
- if a party seeks leave to file any motion, response, reply, or brief under seal, the motion to seal must include a proposed public version of the motion, response, reply, or brief with any and all assertedly confidential information redacted;[15]
- parties should not seek to file under seal any information that is already publicly available and should keep in mind that, "[w]hen a case 'involves matters of particularly public interest,' courts may require a greater showing to overcome the access presumption,"[16] because "[t]he rationale

[14] *Spoon v. Bayou Bridge Pipeline*, LLC, No. CV 19-516-SDD-SDJ, 2022 WL 3643010, at *1 n.1 (M.D. La. Aug. 23, 2022).

[15] *Accord June Med. Servs.*, 22 F.4th at 521 & n.6 (explaining that, "to the extent that any sealing is necessary, it must be congruent to the need" and directing that the district court, "[w]ith regard to deposition testimony, … should reconsider its blanket sealing order and instead consider the option to unseal the testimony with appropriate redactions"); *Kozlowksi*, 2021 WL 4973710, at *1 ("It is also the responsibility of the lawyers handling a case to make a concerted effort to limit the amount of information the public is unable to access. Simply because one page might contain confidential information does not mean the entire filing will be sealed. In the same vein, if one line on a five-page document contains highly sensitive information, say a social security number, that one line should be redacted. The entire document should not be kept under lock and key."); *Le*, 990 F.3d at 419-20 & n.42 (before filing under seal entire documents, a court must consider "less drastic alternatives" and "consider redaction instead of sealing").

[16] *Trans Tool*, 2022 WL 608945, at *6 (quoting *June Med. Servs.*, 22 F.4th at 520, with citations, internal quotation marks, and brackets omitted).

for public access is even greater";[17] and

- all facts recited in any motion to seal must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[18]

The Court recognizes that the party seeking to seal all or part of documents may not possess personal knowledge of the facts to be included in a motion for leave to file under seal. And Court recognizes that, if the Court has entered a confidentiality-based protective order governing discovery, a party may be obligated to seek to file under seal (and redact from any public version) any materials that another party has designated as "confidential" but also may disagree that the material is properly so designated.

In these instances, the parties should either prepare a joint motion for leave to file documents under seal or make separate filings in support of filing under seal – and, under either option, the party with personal knowledge or who has designated material as "confidential" should verify the facts in a section on justification.[19]

SO ORDERED.

---

[17] *June Med. Servs.*, 22 F.4th at 520; *see also Trans Tool*, 2022 WL 608945, at *6 ("Examples of when such a greater showing applies include when 'one of the parties is a public official or party of a public nature' or when 'misspent government funds' are at issue." (quoting *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 233 (5th Cir. 2020)).

[18] *See June Med. Servs.*, 22 F.4th at 519-21; *Le*, 990 F.3d at 419-21.

[19] *Accord Trans Tool*, 2022 WL 608945, at *8-*9.

DATED: October 8, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE