IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIE MELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3506-X-BN |
| | § | |
| UNIVERSITY OF NORTH TEXAS SYSTEM, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER REGARDING COURT'S EXPECTATIONS FOR PARTIES**

The rules that govern this proceeding must "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1; *see also* FED. R. CIV. P. 1 advisory committee's note, 2015 Amendment (noting the amendment of the rule "to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way"). The Court enters this order to further those goals by setting forth the following expectations.

Plaintiff Marie Melton, who is proceeding *pro* se and exercising the right to prosecute this action without an attorney, undertakes certain responsibilities, including:

(1) to be aware of the Federal Rules of Civil Procedure, the Northern District

of Texas Local Civil Rules, and Standing Orders of this Court (all of which are available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders); *see also* N.D. TEX. L. CIV. R. 83.14 ("Any party proceeding on the party's own behalf is considered pro se. Pro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure.");

(2) to timely comply with any order issued by this Court; and

(3) to cooperate with counsel for other parties and participants.

The Court may hold the filings of Plaintiff, as a *pro se* litigant, to a less stringent standard than papers drafted and filed by an attorney.

But this is Melton's lawsuit, and, so, Melton must ultimately prove an entitlement to relief.

And, so, neither the Court (or any of its staff) nor counsel for other litigants will serve as *de facto* counsel for Melton. *See Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) (explaining that "a district judge ... is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel").

The Court expects that, throughout these proceedings, both Melton and counsel for other parties or participants will be courteous, cooperative, and professional and, likewise, will communicate in a timely manner. *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (available on the Court's website, at http://www.txnd.uscourts.gov/pdf/Notablecases/Dondi.PDF).

And, although Melton is not a lawyer, this action must be prosecuted in a

manner that does not unduly burden the Court, the other parties or participants, or their counsel.

If a party seeks a court order as to a particular matter, the party must file a motion that complies with the requirements of Federal Rule of Civil Procedure 7(b); Northern District of Texas Local Civil Rules 7.1 and 7.2; the April 14, 2025 Standing Order on Discovery and Other Non-Dispositive Motions (the "Standing Order"), as applicable; any scheduling order entered in this case; and this Order Regarding Court's Expectations For Parties. *See* FED. R. CIV. P. 7(b)(1).

Likewise, to allow the parties time to cooperatively resolve disputes before bringing them to the Court, Melton must allow counsel for other parties or participants at least 72 hours to return phone calls, answer emails, or otherwise respond to communication before again contacting counsel or the Court.

Melton is also cautioned that the Court possesses the power to impose sanctions – which can include dismissing this lawsuit – for failure to comply with orders of the Court and applicable rules of procedure, including those rules that govern discovery. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37.

Melton is further cautioned that (1) the progress of this case will not be delayed because one side is without an attorney and (2) the Court will not be more inclined to grant extensions because one side is without an attorney.

Relatedly, Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule

of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

While the text of Rule 41(b) may not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute, *see Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992)), the Court specifically ORDERS the parties to abide by the Court's local rules insofar as a provision of those rules is not modified by this order or another order of the Court in this case. So, as applicable, a failure to comply with the Court's local rules will also violate this order and subject the violation of the local rules to Rule 41(b).

A court's authority under this rule "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985).

And dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry*, 975 F.2d at 1191; *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include

assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (citations omitted).

SO ORDERED.

DATED: October 8, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE