IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIE MELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3506-X-BN |
| | § | |
| UNIVERSITY OF NORTH TEXAS SYSTEM, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER REGARDING SERVICE**

Plaintiff Marie Melton filed a *pro se* complaint against Defendant University of North Texas System. *See* Dkt. No. 3. Melton paid the fee to file this lawsuit. And United States District Judge Brantley Starr referred Melton's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 1.

By paying the statutory filing fee, Melton undertook the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See generally* FED. R. CIV. P. 4 (setting forth procedures for serving various types of defendants and regarding waiver of service).

And, as to each defendant, Melton must file with the Court, as applicable, a proof of service in accordance with Rule 4(*l*) or an executed waiver of service.

The Court further advises Melton that, if proper service is not made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before the 90th day after the filing of this action (which was on

October 7, 2026) that is not a Saturday, Sunday, or legal holiday – which will be **January 5, 2027** – this case is subject to dismissal without prejudice unless Melton shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

As to proper service, Rule 4 does not expressly permit service by mail. But, where applicable, Rule 4(e)(1) permits service under Texas law, which does provide for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by [Texas Rule of Civil Procedure] 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.").

But a plaintiff is never authorized to personally serve a defendant by mail. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); TEX. R. CIV. P. 103 (providing in part that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit").

SO ORDERED.

DATED: October 8, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE