COPY

FILED-USDC-NDTX
'26 OCT 14 PM12:34
JJF

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE DISCLOSURE:** Pursuant to N.D. Tex. L. Civ. R. 7.2(f) and the Court's Standing Order, I disclose that this pleading was prepared with the structural assistance of Generative Artificial Intelligence to format legal headers, calculate mileage rates, and compile factual itemizations. Every legal citation, factual assertion, and calculation has been independently reviewed and verified for absolute accuracy by me.

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

MARIE MELTON,

Plaintiff,

v.

UNIVERSITY OF NORTH TEXAS SYSTEM,

Defendant.

**Case No.: 3:26-cv-03506-X-BN**

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

I, Marie Melton, proceeding pro se, file this First Amended Complaint against Defendant University of North Texas System, alleging as follows:

## I. INTRODUCTION

1. This is an action for declaratory, injunctive, and compensatory relief brought by me as an honorably discharged disabled United States Military Veteran. I seek to remedy unlawful

discrimination, administrative deliberate indifference, and severe retaliation perpetrated by Defendant under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

**II. JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as my claims arise under the civil rights laws of the United States.

3. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to my claims occurred at the University of North Texas at Dallas, located in Dallas County, Texas.

**III. PARTIES**

4. I, Marie Melton, am a resident of Dallas, Texas, with a mailing address of P.O. Box 411052, Dallas, TX 75241. At all times relevant, I was a student enrolled at the University of North Texas at Dallas (UNT-Dallas). I am an individual with a disability as defined by the ADA and Rehabilitation Act, holding a 100% VA disability rating for Post-Traumatic Stress Disorder (PTSD) along with other service-connected disabilities.

5. Defendant University of North Texas System is a public institution of higher education established under Texas law. Defendant receives federal financial assistance, making it subject to the mandates of Section 504 of the Rehabilitation Act and Title II of the ADA. Defendant's designated mailing address is 1155 Union Circle #310907, Denton, TX 76203, and its physical corporate headquarters where personal service was accomplished is located at 801 North Texas Blvd, Denton, TX 76201.

**IV. FACTUAL ALLEGATIONS**

6. I enrolled at the University of North Texas at Dallas in August 2025. I have consistently

demonstrated high academic achievement, maintaining at least a 3.5 GPA throughout multiple terms while attending UNT-Dallas.

7. On August 5, 2025, I formally requested reasonable academic accommodation for my conditions and submitted all required supporting medical documentation in compliance with university policy.

8. Defendant explicitly stated to me in writing that the university does not offer accommodation for attendance leniency or cue sheets. Defendant failed to engage in the legally mandated interactive process and constructively denied my requests.

9. As a direct result of Defendant's failure to accommodate me, I suffered a severe PTSD flare-up and extreme anxiety during my courses. Due to the lack of required academic accommodations, my performance in science suffered, resulting in a grade of "C" for the Fall 2025 semester, disrupting my otherwise perfect straight-A academic record.

10. Following my initial complaint, Defendant partially approved my supplemental request for memory aids on October 23, 2025. However, Defendant continued to deny and ignore my underlying request for reasonable attendance and tardiness flexibility.

11. Due to Defendant's ongoing failure to issue my attendance accommodation, in February 2026, Professor Sara Holmes actively penalized me by deducting attendance points from my grade when I had to leave class early to attend mandatory medical appointments required to maintain my federal VA compliance.

12. I initiated a formal internal discrimination complaint regarding the denial of my civil rights in October 2025 and submitted my official institutional complaint form in November 2025.

13. In direct response to my protected activity (filing a discrimination complaint), Defendant engaged in unlawful financial retaliation against me by denying me a $2,001 Summer Tuition

Benefit and denying me $500 in student emergency funds, despite my qualifying academic standing.

14. On or about February 2026, Defendant's Equal Opportunity Investigator, Michael Irizarry, conducted an official investigative interview with me.

15. Despite the passage of over ten (10) months since my initial filing, and over eight (8) months since my investigative interview, Defendant's investigative body has intentionally failed to issue any formal findings, conclusions, report, or resolution. Defendant has failed to adhere to its own institutional timelines and has failed to provide me with a formal, written "good cause" notice extending this process.

16. I actively requested monthly status updates regarding the investigation. For consecutive months, Investigator Michael Irizarry has failed to provide me with substantive information, offering only a boilerplate administrative response that the reports are "being finalized."

17. Defendant's ongoing failure to complete its grievance process, its intentional withholding of the final report, and its refusal to maintain an interactive process constitute structural deliberate indifference to my systemic discrimination and active administrative retaliation.

18. On October 12, 2026, personal service of process was successfully executed upon the Defendant's Office of General Counsel by the Denton County Constable's Office, Pct. 4, at 801 North Texas Blvd, Denton, TX 76201, costing me an out-of-pocket litigation fee of $80.00.

19. As a direct result of Defendant's non-compliance, structural delay, and mandatory litigation travel, I have incurred unreimbursed out-of-pocket expenses, including $30.00 in federal building parking fees and 109 miles of legal travel (~$82.84) to coordinate my physical filings at the Dallas Federal Courthouse and service through the Denton County Constable's Office.

20. I have actively sought to resolve these issues through administrative channels by filing an

active retaliation complaint with the U.S. Department of Education Office for Civil Rights (OCR).

## V. CAUSES OF ACTION

### COUNT I: Disability Discrimination — Failure to Accommodate

*(Title II of the ADA and Section 504 of the Rehabilitation Act)*

21. I reallege and incorporate by reference all preceding paragraphs.

22. I am a qualified individual with a disability who met all academic requirements to participate in Defendant's programs.

23. Defendant had actual knowledge of my disability and explicitly refused to engage in the interactive process or provide my required attendance accommodation, resulting in a multi-month administrative delay.

24. Defendant's actions constitute intentional discrimination and deliberate indifference to my federally protected rights.

### COUNT II: Unlawful Financial Retaliation

*(Title II of the ADA and Section 504 of the Rehabilitation Act)*

25. I reallege and incorporate by reference all preceding paragraphs.

26. I engaged in a protected activity by filing a formal civil rights and discrimination complaint against the University.

27. Defendant took adverse financial actions against me shortly thereafter by withholding my $2,001 Summer Tuition Benefit and my $500 in emergency funding using arbitrary and implausible pretenses.

28. A causal connection exists between my protected complaint and Defendant's financial denials, which constitute unlawful retaliation against me.

**COUNT III: Administrative Retaliation and Deliberate Indifference**

*(Title II of the ADA and Section 504 of the Rehabilitation Act)*

29. I reallege and incorporate by reference all preceding paragraphs.

30. I engaged in protected activity by participating in the university's internal civil rights grievance process and sitting for an investigative interview in February 2026.

31. Defendant took adverse administrative action against me by intentionally withholding the final investigative report for over ten (10) months, ignoring mandatory policy timelines.

32. Defendant's prolonged, bad-faith delay and reliance on repetitive, uninformative boilerplate updates constitute administrative retaliation designed to obstruct my civil rights and cause severe educational disruption to me.

**VI. PRAYER FOR RELIEF**

WHEREFORE, I respectfully request that this Court enter judgment in my favor and against Defendant, awarding me the following relief:

A. A declaratory judgment that Defendant's actions violated Title II of the ADA and Section 504 of the Rehabilitation Act;

B. An injunction compelling Defendant to immediately finalize and release the complete investigative report and notice of findings to me, and to formally amend my accommodations to include attendance and tardiness flexibility permanently;

C. Compensatory damages for my direct financial and economic harm in the total amount of $18,841.54 representing:

- *My past tuition: $16,227.70*
- *My withheld Summer Tuition Benefit: $2,001.00*

- *My withheld Student Emergency Funds: $500.00*
- *Dallas Federal Courthouse Parking fees: $15.00 x 2days*
- *My Travel Mileage (109 miles round-trip): $82.84*

D. Compensatory damages for non-economic harm, including educational disruption and the exacerbation of my service-connected disability, for $31,158.46 *(preserving my exact original $50,000 global target valuation)*; and

E. An award of my necessary litigation costs under Fed. R. Civ. P. 54(d)(1), including my initial federal court filing fee of **$405.00** and my **$80.00 Denton County Constable service fee**; and

F. Any such other and further relief as the Court deems proper.

**VII. JURY DEMAND**

I hereby demand a trial by jury on all issues so triable.

Dated: October 14, 2026

Respectfully submitted,

Marie Melton

P.O. Box 411052

Dallas, TX 75241

817-983-1555

mariemelton@my.untdallas.edu

*Plaintiff Pro Se*

**PLAINTIFF'S CERTIFICATION REGARDING THE USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Pursuant to Federal Rule of Civil Procedure 11 and the Standing Order Regarding Use of Artificial Intelligence issued by United States Magistrate Judge David L. Horan, I certify that:

1. Every legal citation, reference to existing law, and case summary contained within this First Amended Complaint has been manually and independently checked for accuracy and confirmed to be valid, existing, and non-fabricated authority.

2. Every itemized financial claim, mileage computation, and factual event corresponds strictly with the physical records, odometer readings, and parking garage receipts in my actual possession.

Dated: October 14 2026

By: Marie Melton

Marie Melton, *Plaintiff Pro Se*

---

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, a true and correct copy of the foregoing First Amended Complaint was served upon the Defendant via U.S. Certified Mail, return receipt requested, addressed to its designated corporate mailing address at:

University of North Texas System

C/O Office of General Counsel

1155 Union Circle #310907

Denton, TX 76203

Marie Melton, *Plaintiff Pro Se*