ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

FILED-USDC-NDTX-DA
'26 OCT 16 PM3:06

MARIE MELTON,

**Plaintiff**,

v. Case No.: 3:26-cv-03506-XBN

UNIVERSITY OF NORTH TEXAS SYSTEM,

**Defendant.**

# PLAINTIFF'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND PRELIMINARY INJUNCTION TO PROTECT GRADUATION STATUS AND TRANSCRIPT RELEASE WITH INTEGRATED GENERATIVE AI DISCLOSURE STATEMENT

## I. MANDATORY DISCLOSURE REGARDING GENERATIVE AI ASSISTANCE

Pursuant to the formatting rules of the United States District Court for the Northern District of Texas, I, Plaintiff Marie Melton, hereby formally disclose my utilization of a generative Artificial Intelligence (AI) platform as an administrative assistance tool in the structural preparation of this motion.

**I explicitly certify to the Court**:

**1**. The generative AI software was utilized strictly as a technical formatting and layout assistant to systematically organize my chronological information, frame my legal reliefs, and ensure structural clarity.

**2**. All factual assertions, calendar timelines, employee names, current grades, and evidence summaries contained herein originate entirely from my first-hand personal knowledge and authentic institutional documentation.

**3**. In strict compliance with Federal Rule of Civil Procedure 11, I have personally reviewed, verified, and cross-checked every statutory reference, rule citation, and case law mention utilized in this motion to ensure absolute factual accuracy. No automated text was submitted without my manual oversight and independent confirmation.

## II. MOTION FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEF

I, Marie Melton, proceeding pro se, respectfully move this Court for an Emergency Protective Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65. I request this Court enter an order enjoining Defendant University of North Texas System from taking any adverse administrative or academic actions to disrupt, delay, or block my scheduled graduation in December 2026, or from withholding my official final academic transcripts and physical diploma.

## III. FACTUAL BASIS AND ACADEMIC STANDING

**1**. I am a qualified individual with a disability, holding a 100% permanent and total VA disability rating for service-connected PTSD. I am scheduled to graduate from the University of North Texas at Dallas in December 2026.

**2**. I have consistently demonstrated exceptional academic achievement throughout my enrollment. I currently maintain an exemplary cumulative 3.8 Grade Point Average (GPA).

**3**. As of today, October 16, 2026, my active course performance reflects superior grade averages of 92%, 93%, and 94% across my respective classes. I am fully on track to complete my final degree requirements.

**4**. On October 12, 2026, Defendant's Office of Legal Counsel was formally served with the Summons and Complaint in this civil rights action.

**5**. On October 15, 2026, exactly three (3) days after Defendant received service of process, Defendant placed two restrictive contract holds on my student account profile. These holds explicitly target the Spring 2027 and Summer 2027 semesters.

**6**. Because my institutional records dictate a confirmed graduation date of December 2026, I have no administrative requirement to register for any classes in 2027.

**7**. The placement of enrollment locks for semesters following my graduation date, occurring 72 hours after service of process, constitutes direct physical evidence of targeted administrative retaliation. Defendant is utilizing these holds to force me to sign a "Student Financial Responsibility Agreement" mid-litigation, which attempts to compel me to assume ultimate financial liability for the very tuition costs currently being disputed before this Court.

**IV. ARGUMENT FOR INJUNCTIVE RELIEF**

To obtain a preliminary injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury

outweighs any harm to the defendant; and (4) that the injunction will not disserve the public interest.

**Substantial Likelihood of Success: ** I possess black-and-white written admissions from university officials establishing clear pretext regarding the denial of my $2,001 Summer Tuition Benefit, explicitly contradicted by a $500 direct cash disbursement paid directly to my bank account on September 24, 2026.

**Irreparable Injury: ** If Defendant is permitted to utilize these retaliatory holds to block the processing of my final degree audit, withhold my physical diploma, or lock my official final academic transcripts, I will suffer immediate, irreversible professional and educational harm. As a disabled veteran utilizing federal benefits, the withholding of my earned degree restricts my post-graduation employment opportunities and federal vocational rehabilitation advancements. This harm cannot be adequately remedied by monetary damages alone.

**Balance of Equities and Public Interest: ** The requested order imposes no financial or administrative burden on the Defendant; it simply commands the university to allow me to graduate normally under standard procedural audits with my 3.8 GPA intact. Furthermore, the public interest is heavily served by ensuring public, federally funded educational institutions are prevented from using retaliatory account maneuvers to obstruct the civil rights of disabled United States Military Veterans.

**V. PRAYER FOR RELIEF**

WHEREFORE, I respectfully request that this Court enter an Order:

A. Prohibiting Defendant from utilizing the October 15, 2026 holds or any subsequent administrative blocks, to delay, obstruct, or deny my graduation in December 2026;

B. Commanding Defendant to release my official final academic transcripts and physical diploma immediately upon the successful completion of my Fall 2026 courses; and

C. Prohibiting Defendant from altering, degrading, or tampering with my active 3.8 GPA or enrollment records during the pendency of this litigation.

Dated: October 16,2026

Respectfully submitted,

Marie Melton

Marie Melton, Plaintiff Pro Se

P. O. Box 411052

Dallas, TX 75241

817-983-1555

mariemelton@my.untdallas.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on this _____ day of October 2026, a true and correct copy of the foregoing Plaintiff's Emergency Motion for a Protective Order and Preliminary Injunction was served via certified U.S. Mail, return receipt requested, upon the Defendant's designated legal representatives at the following address:

Office of General Counsel

University of North Texas System

1155 Union Circle, 310907

Denton, TX 76203

Marie Melton

Marie Melton, Plaintiff Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

MARIE MELTON,

**Plaintiff,**

v. Case No.: 3:26-cv-03506-X BN

UNIVERSITY OF NORTH TEXAS SYSTEM,

**Defendant.**

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND PRELIMINARY INJUNCTION TO PROTECT GRADUATION STATUS**

Before the Court is Plaintiff Marie Melton's Emergency Motion for a Protective Order and Preliminary Injunction to Protect Graduation Status and Transcript Release. Having reviewed the motion, the supporting timeline, and the active record, the Court finds that Plaintiff has established a substantial likelihood of success on the merits, a substantial threat of irreparable injury to her educational and vocational advancement, and that the balance of equities weighs heavily in favor of granting protective relief.

Accordingly, it is hereby ORDERED that Plaintiff's Motion is GRANTED.

It is FURTHER ORDERED that Defendant University of North Texas System, including

its officers, agents, employees, and registrar staff, are strictly ENJOINED and PROHIBITED from taking any adverse administrative, financial, or academic actions to disrupt, delay, or block Plaintiff's scheduled graduation in December 2026 based upon the unresolved administrative registration holds instituted on October 15, 2026.

It is FURTHER ORDERED that Defendant shall process Plaintiffs final degree audit under standard academic verification timelines and shall release Plaintiff's official final academic transcripts and physical diploma immediately upon her successful completion of her Fall 2026 course requirements.

It is FURTHER ORDERED that Defendant is prohibited from altering, tampering with, or degrading Plaintiff's cumulative 3.8 Grade Point Average (GPA) or active enrollment status during the pendency of this litigation.

SO, ORDERED.

SIGNED this day of ______________________________, 2026.

______________________________________________

UNITED STATES MAGISTRATE JUDGE